NO. 15-14965- BB

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

ARTHUR RUTENBERG HOMES, INC., et al.,

Plaintiffs and Appellants

v.

JEWEL HOMES, LLC, et al.,

Defendants and Appellees.

**APPELLEES' APPLICATION FOR ATTORNEY'S FEES ON APPEAL**

Appeal from the United States District Court for the Middle District of Florida
In Case No. 3:14-cv-00531, the Hon. Henry Lee Adams, Jr.

June 29, 2017

JULIE K. KURTZ
Florida Bar No.: 0056165
PATRICK T. CANAN
Florida Bar No.: 0360171
Canan Law
1030 N. Ponce de Leon Blvd.
St. Augustine, FL 32084
(904) 824-9402
(904) 824-9269 (facsimile)
Counsel for Appellees

NO. 15-14965- BB

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

ARTHUR RUTENBERG HOMES, INC., et al.,

Plaintiffs and Appellants

v.

JEWEL HOMES, LLC, et al.,

Defendants and Appellees.

**CERTIFICATE OF INTERESTED PERSONS
AND CORPORATE DISCLOSURE STATEMENT**

Pursuant to Fed. R. App. P. 26.1, Appellees provide the following:

1) "The full name of every party or amicus represented in the case by the attorney."

    Irvin, Julie

    Jewel Homes, LLC

    Lesher, Mary

    Lesher, Michael

2) "The name of the real party in interest if the party named in the caption is not the real party in interest."

Not Applicable.

3) There is no parent corporation or any publicly held corporation that owns 10% or more of Jewel Homes, LLC.

4) "The names of all law firm and the partners and associates that have appeared for the party in the lower tribunal or are expected to appear for the party in this court."

>Julie K. Kurtz
>Patrick T. Canan
>Canan Law/ The Law Offices of Patrick T. Canan, P.A.
>1030 N. Ponce de Leon Blvd.
>St. Augustine, FL 32084

>*/s/ Julie K. Kurtz*
>Julie K. Kurtz

# **TABLE OF CONTENTS**

CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT……………...........………………………………………i

TABLE OF CONTENTS………………………………………………………….iii

TABLE OF AUTHORITIES…………………………….…………………………iv

INTRODUCTION………………………………………………………………….1

LEGAL ARGUMENT…………………………………………………………….2

    I.    Appellees are the Prevailing Party in this Appeal……….………………….3
    II.   Factors Informing an Award of Attorney's Fees Under the Copyright Act……………………………………………………………………….4
        i.    Frivolousness…………………………………………….…..…………4
       ii.   Motivation……………………………………………………….....….6
      iii.   Objective Factual and Legal Unreasonableness………….…………...7
      iv.   The Need to Advance Considerations of Compensation and Deterrence………………………………………………....…………8

CONCLUSION…………………………………………………………………...10

CERTIFICATION OF COMPLIANCE.……………………………………………11

CERTIFICATE OF SERVICE………………………………………………………12

# **TABLE OF AUTHORITIES**

**Cases**

*Arista Records, Inc. v. Beker Enterprises, Inc.*,
   298 F.Supp.2d 1310 (S.D. Fla. 2003) …………………………………..……2

*Fogerty v. Fantasy, Inc.*,
   510 U.S. 517, 114 S.Ct. 1023, 127 L.ED.2D 455 (1994) ………………….3, 4, 8

*Home Design Servs. v. Turner Heritage Homes, Inc.*,
   825 F.3d 1314 (11th Cir. 2016) …………………………………………………3,6

*Indyne, Inc. v. Abacus Tech. Corp.*,
   2013 U.S. Dist. LEXIS 185422, (M.D. Fla. Dec. 6, 2013)………………...……..9

*Intervest Construction, Inc. v. Canterbury Estate Homes, Inc.*,
   554 F.3d 914 (11th Cir. 2008) …………..…………………………………...3, 5, 6, 7

*JCW Investments, Inc. v. Novelty, Inc.*, 509 F.3d 339 (7th Cir. 2007). ………...….2

*Latin American Music Co. v. American Soc. of Composers Authors and Publishers*,
   629 F.3d 262 (1st Cir. 2010) ………………………………….…………….2

*Luken v. International Yacht Council, Ltd.*,
   581 F.Supp.2d 1226 (S.D. Fla. 2008) ……………………………………..…8

*MiTek Holdings, Inc. v. Arce Eng'g Co.*, 198 F.3d 840, 842 (11th Cir. 1999) …….4

*Oravec v. Sunny Isles Luxury Ventures, L.C.*,
   2010 U.S. Dist. LEXIS 32390 (S.D. Fla. 2010) …………………………………..8

*Picket v. Iowa Beef Processors*,
   2005 U.S. App. LEXIS 17843, (11th Cir. 2005) ………………….……………2

*Pronman v. Styles*,
   2017 U.S. App. LEXIS 824, 2017 WL 191933 (11th Cir. 2017) ………....……4

**Statutes**

   17 U.S.C. § 505, ……………………………………………………...1, 2, 4

# **INTRODUCTION**

Appellee, Jewel Homes, LLC, Julie Irvin, Michael Lesher and Mary Lesher, come before this Honorable Court requesting an award of appellate attorney's fees. Appellees obtained a summary judgment in their favor from the District Court, which was affirmed on appeal. An award of appellate attorney's fees is appropriate in this case as the prevailing party under 17 U.S.C. § 505.

References to the "Amalfi Plan" refer to Appellant Arthur Rutenberg Homes, Inc.'s floor plan. References to the "Lesher Plan" refer to the Appellees' floor plan.

# LEGAL ARGUMENT

## I. Appellees are the Prevailing Party in this Appeal

17 U.S.C. § 505 provides:

In any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof. Except as otherwise provided by this title, the court may also award a reasonable attorney's fee to the prevailing party as part of its costs.

The remedy awarding costs and attorney's fees is available to prevailing parties for proceedings in the trial court as well as for proceedings on appeal. *Latin American Music Co. v. American Soc. of Composers Authors and Publishers*, 629 F.3d 262, 97U.S.P.Q.2d 1319 (1st Cir. 2010); *JCW Investments, Inc. v. Novelty, Inc.*, 509 F.3d 339, 85 U.S.P.Q.2d 1254 (7th Cir. 2007). A defending party is the prevailing party when a judgment is entered in the defendant's favor, or where the plaintiff has achieved "none of the benefits sought in bringing the lawsuit." *Picket v. Iowa Beef Processors*, 2005 U.S. App. LEXIS 17843, *3-4 (11th Cir. 2005).

"In copyright cases, 'although attorney's fees are awarded in the trial court's discretion, they are the rule rather than the exception and should be awarded routinely." *Arista Records, Inc. v. Beker Enterprises, Inc.*, 298 F. Supp. 2d 1310, 1316 (S.D. Fla. 2003).

Importantly, "the prevailing defendants and prevailing plaintiffs are to be treated alike." *Fogerty v Fantasy, Inc.*, 510 U.S. 517, 534; 114 S.Ct. 1023, 1033, (1994)). In *Fogerty*, the Supreme Court explained:

> [D]efendants who seek to advance a variety of meritorious copyright defenses should be encouraged to litigate them to the same extent that plaintiffs are encouraged to litigate meritorious claims of infringement. In the case before us, the successful defense of "The Old Man Down the Road" [the allegedly infringing work] increased public exposure to a musical works that could, as a result, lead to further creative pieces. *Thus, a successful defense of a copyright infringement action may further the policies of the Copyright Act every bit as much as a successful prosecution of an infringement claim by the holder of a copyright*.

510 S.Ct. at 527, 114 S.Ct. at 1030 (emphasis supplied).

On July 26, 2016, the Eleventh Circuit Court of Appeals affirmed the District Court's judgment in favor of Appellees/Defendants. This Court found: "The differences described by the district court in the instant case are comparable to those described in *Home Design Services* and *Intervest*. In other words, the potentially protectable elements of the two designs are different, not similar." (Opinion of July 26, 2016 at p. 9) citing *Home Design Services*, 825 F.3d 1314 (11th Cir. 2017) and *Intervest Construction, Inc. v. Canterbury Estate Homes, Inc.*, 554 F.3d 914 (11th Cir. 2008). Then concluded that "Appellants have not shown a genuine question of fact as to substantial similarity." (Opinion of July 26, 2016 at p. 9). Thus, as the

3

prevailing parties in this appeal, Appellees are entitled to an award of attorney's fees and costs pursuant to 17 U.S.C. § 505.

## II. Factors Informing an Award of Attorney's Fees Under the Copyright Act

This Honorable Court has held:

To determine whether a fee should be granted, the [] court must weigh the relevant factors and exercise its discretion. These factors include frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case), and the need in particular circumstances to advance considerations of compensation and deterrence. We only apply these factors when they are faithful to the purposes of the Copyright Act and are applied to prevailing plaintiffs and defendants in an even-handed manner.

*Pronman v. Styles*, (2107 U.S. APP LEXIS 824, *3), 2017 WL 191933 (11th Cir. 2017) citing *MiTek Holdings, Inc. v. Arce Eng'g Co.*, 198 F.3d 840, 842 (11th Cir. 1999).

These factors applied to the facts of this case with the goal of achieving the purposes of the Copyright Act (public enrichment by fostering creativity) make an award of appellate attorney's fees to the Appellees particularly appropriate. *See Fogerty*, 510 S.Ct. at 527, 114 S.Ct. at 1030.

4

### i.     Frivolousness

More than ten years ago this Court decided *Intervest Construction, Inc. v. Canterbury Estate Homes, Inc.*, 554 F.3d 914 (11th Cir. 2008), which bears directly on the issues in this case.

The legal analysis set forth by this Court in *Intervest*, provided not just a list of considerations useful in evaluating the merits of a copyright infringement claim, but also highlighted the level of minute detail courts should use in reviewing such cases. Further, the Court showed the actual floor plans being compared. *Intervest*, 554 F.3d 914 at app. Rarely is such visual assistance provided by any court, but it was particularly important in these cases because showing the two floor plans at issue demonstrated how close two floor plans could appear to be without meeting the "substantially similarity" requirement. The idiom is often true: a picture is worth a thousand words.

Knowing the court's analysis would include comparing the minutia of each home design, Appellants brought this case despite obvious, significant differences between the two plans. For example, Appellants knew the Appellees' exterior elevation was grossly different the Amalfi because the Lesher Plan had an angled garage with rear-entry doors. (Appellants' Appendix at p. 72 and p. 81). Such significant differences should have been obvious to Appellants because the exterior of Appellees' home is, by its very nature, open, obvious and visible from the street. Moreover, it is, and always was, undisputed that the Appellees were specifically incorporating elements from another plan they found inspiring -- the Sater Designs "Valdivia" home plan. (Appellants' Appendix at pp. 36-37; and pp. 66-67). Andy Dohmen, Appellants' expert, opined that the elevation of Appellants' home "has been changed to emulate the Sater Design's Valdivia plan." (Appellants' Appendix at p. 73).

5

From a cursory glance, it should have been clear to Appellants that the Appellees' home bore no resemblance to the Amalfi. The District court stated: "Based on the dissimilarities, an average lay observer would not recognize the Lesher Plan's elevations as having been appropriated from the Amalfi. . . ." (*See* Dk. #57 at p. 10). And, this Court agreed: "The differences described by the district court in the instant case are comparable to those described in *Home Design Services* and *Intervest*. In other words, the potentially protectable elements of the two designs are different, not similar." (Opinion of July 26, 2016 at p. 9).

Simply put, Appellants brought this frivolous action and pursued in through appeal while disregarding undisputed evidence, and the opinion of their own expert, that Appellees were trying to achieve a unique home which incorporated design elements from multiple sources of inspiration.

### ii.   Motivation

The record shows that Appellees' motives were financial gain for themselves, and the (potentially catastrophic) financial loss for the Appellants Jewel Homes, LLC and Julie Irvin. (Appellants' Appendix at p. 100, n. 6-8). Additionally, Appellants were likely motivated by a desire to eliminate competition in an affluent, rapidly developing area of St. Johns County, Florida. Recall, Appellants' Amalfi home had a base price of $729,600.00, while the Appellants paid just $605,640.00 for the home at issue. (Appellants' Appendix at p, 100, n.6 and n.8).

Additionally, if Appellants' couldn't win on the merit of the case, the next best thing would be to require Appellees to expend tens of thousands of dollars in legal fees, reducing available resources which would otherwise be used to compete

6

with Appellants for customers. Appellees acknowledge they will never really know why this case was brought.

### iii.   Objective Factual and Legal Unreasonableness

In this case, an analysis of objective unreasonableness is duplicative because, as demonstrated above, the claims Plaintiffs made in this case were factually and legally frivolous from the outset and nothing thereafter could change those facts. After *Intervest*, Appellants could not have failed to recognize that their claims of copyright infringement would ultimately fail.

As discussed hereinabove, not only were significant design difference obvious from a visual inspection of the home's exterior, Appellants' own expert asserted that Appellants "appear to have copied the master bathroom from the Sater Designs' Valdivia plan," and "the elevation has been changed to emulate the Sater Design's Valdivia plan." (Appendix at pp. 62-63, and p. 73). These are just two of many "modifications to the Amalfi Plan" described by Appellants' expert. (*See, i.e.,* Appendix at p. 67 ("Den"), p. 68 ("Kitchen 1."), p. 69 ( "Bonus Room"), and p. 71 ("Arrival Center").

It was objectively unreasonable for Appellants to have brought and maintained the instant action when their own expert opined that Appellees were copying a completely different home design unrelated to the copyrighted plan at issue. It seems illogical that Appellants could present evidence of Appellees "copying" the Sater Designs Valdivia plan, and at the same time, maintain that the Arthur Rutenberg Amalfi plans had been infringed upon.

7

**iv.     Need to Advance Considerations of Compensation and Deterrence**

This is most important of the *Fogerty* factors as applied to this case.

In ruling on Defendants' motion for attorney's fees and costs in *Oravec v. Sunny Isles Luxury Ventures, L.C., et al.*, Judge Seitz noted with regard to the factor of compensation and deterrence:

> . . . it is clear that considerations of compensation and deterrence under the Copyright Act are inextricably intertwined with the reasonableness or frivolousness of the Parties' positions, as well as their motivation in litigating the dispute.  *See Luken [v. International Yacht Council, Ltd.*, 581 F.Supp.2d 1226, 1246 (S.D. Fla. 2008)]* (rulings on frivolousness and objective unreasonableness govern court's determination with regard to compensation and deterrence).  Thus, a party that successfully prevails over unreasonable or bad faith arguments should be awarded its fees and costs to promote enforcement and demarcation of the Copyright Act, and conversely, a party that asserts unreasonable or bad faith arguments should be deterred from doing so by paying the fees and costs the prevailing party incurred.

*Oravec v. Sunny Isles Luxury Ventures, L.C.*, 2010 U.S. Dist. LEXIS 32390, at *33 (S.D. Fla. 2010).

In this case, Appellees have demonstrated that Appellants' claims were frivolous from the outset, were unreasonable throughout, and Appellants' own expert asserted an opinion contradictory to a finding of copyright infringement. Moreover, it is clear that Appellants wielded their greater resources to intimidate, bully and oppress market competition, and waste judicial resources with complete regard for the applicable legal precedents.  The Middle District of Florida has feared "the denial of fees and costs to a prevailing defendant in an objectively unreasonable copyright case may spur additional frivolous lawsuits, of exactly the sort that an award of fees and costs is designed to chill. Future litigants should be discouraged

8

from comparable behavior." *Indyne, Inc. v. Abacus Tech. Corp.*, 2013 U.S. Dist. LEXIS 185422, *14 (M.D. Fla. Dec. 6, 2013).

An award of Appellees attorney's fees is appropriate to discourage cases like this from taxing judicial resources. Allowing these Appellants to litigate and appeal a claim like this, without ensuring the successful defense is made whole by an attorney's fee award, is in derogation of the purpose of the Copyright Act. Creativity is fostered when builders and architects can create unique designs inspired by what they see around them, without fear of financial ruin. Moreover, the fear of some financial penalty will deter large corporations from using copyright infringement cases as a way to eliminate market competition by forcing small business owners into years of expensive litigation beyond their means.

The goals of deterrence are particularly acute in this case because Appellee Jewel Homes, LLC is essentially a one-woman company in a field dominated by large corporate builders, like Appellant Arthur Rutenberg Homes, Inc. To protect the most vulnerable small business owners, larger corporate parties need to be hit where it hurts them the most, and in an amount that will truly serve to deter future frivolous cases. As such, Appellees seek an award of all attorney's fees and taxable costs incurred in this appeal.

9

## **CONCLUSION**

Therefore, and for all of the foregoing reasons, Appellees Jewel Homes, LLC, Julie Irvin, Michael Lesher and Mary Lesher respectfully request this Court enter an order awarding them the full costs and all attorney's fees incurred in this appeal consistent with the Affidavits and Exhibits attached hereto, and the Bill of Costs previously filed in this case.

# **CERTIFICATION OF COMPLIANCE**

I certify that this Appellees' Application for Attorney's Fees on Appeal complies with the typeface requirements of Fed. R. App. P. 32(a)(5), the type style requirements of Fed. R. App. P. 32(a)(6), and that this brief contains 2,133 words in compliance with Fed. R. App. P. 32(a)(7)(B)(i).


　　/s/ *Julie K. Kurtz*_____
Julie K. Kurtz
Florida Bar No.: 0056165
Canan Law
1030 N. Ponce de Leon Blvd.
St. Augustine, FL 32084
(904) 824-9402
(904) 824-9269 facsimile
jkurtz@cananlaw.com
Counsel for Appellees

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing Appellee's Application for Attorney's Fees on Appeal, along with cases pursuant to Fed. R. App. P. 32.1, were served on counsel of record for the Appellants, Frank R. Jakes, Esq., and Zachary D. Messa, Esq., Johnson, Pope, Bokor, Ruppel & Burns, LLP, P.O. Box 1100, Tampa, FL 33601-1100 by U.S. Mail this 29th day of June, 2017.

                                          /s/ *Julie K. Kurtz*
                                          Julie K. Kurtz
                                          Florida Bar No.: 0056165
                                          Canan Law
                                          1030 N. Ponce de Leon Blvd.
                                          St. Augustine, FL 32084
                                          (904) 824-9402
                                          (904) 824-9269 facsimile
                                          jkurtz@cananlaw.com
                                          Counsel for Appellees